UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

JAVIER CONTRERAS,

    Petitioner,

v.

J. RAY ORMOND, Warden,

    Respondent.

Civil Action No. 6: 17-077-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

    Javier Contreras is an inmate confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Contreras filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. For the reasons set forth below, the Court will deny Contreras's petition without prejudice.

    In 2009, Contreras was convicted of conspiracy to possess with the intent to distribute more than 50 kilograms of marijuana. *See United States v. Contreras*, No. 5:08-cr-257 (S.D. Tex. 2009). The United States District Court for the Southern District of Texas determined that Contreras was a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines because he had at least two prior felony convictions for either a crime of violence or a controlled substance offense. Therefore, Contreras's sentence was enhanced, and his advisory guidelines range was 262 to 327 months in prison. The trial court sentenced Contreras to 262 months in prison. Contreras then challenged his conviction on direct appeal, but the United States Court of Appeals for the Fifth Circuit affirmed that conviction. *See United States v. Contreras*, No. 09-40571 (5th Cir. 2010).

Over six years later, in August 2016, Contreras filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, as well as several other motions attacking his sentence. *See United States v. Contreras*, No. 5:08-cr-257 (S.D. Tex. 2016) at R. 120 – R. 129. Contreras argued, among other things, that in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior felony convictions are no longer valid predicate offenses to subject him to the career-offender enhancement under the sentencing guidelines. *See United States v. Contreras*, No. 5:08-cr-257 (S.D. Tex. 2016) at R. 129.

After receiving Contreras's submissions, the United States District Court for the Southern District of Texas stated that "it appears that Petitioner's case is time-barred," and it gave Contreras "notice that it is considering dismissing [his] § 2255 Motion on that basis." *See id.* at R. 131. That said, the court permitted Contreras and the Government to brief the timeliness issue, and it later granted Contreras leave to "include [an] argument for relief under *Mathis*." *See id.* at R. 131 and R. 140. The court indicated that, after briefing was over, it would rule on Contreras's § 2255 motion. *See id.*

At this point, it appears that Contreras's § 2255 motion remains pending before the United States District Court for the Southern District of Texas. Nevertheless, Contreras went ahead and filed his § 2241 petition with this Court, echoing the *Mathis*-related argument he made while briefing his § 2255 motion. [R. 1]. Ultimately, since a § 2255 motion is the correct mechanism for a federal prisoner to challenge his conviction or sentence, this Court will deny Contreras's § 2241 petition without prejudice. Simply put, Contreras must first fully litigate his § 2255 motion in the Southern District of Texas before he may even attempt to seek relief from this Court pursuant to § 2241. *See White v. Grondolsky*, No. 6:06-cv-309-DCR, 2006 WL 2385358, *3 (E.D. Ky.

2006) ("[T]he Petitioner must first pursue his trial court remedy under § 2255 before he may seek relief under § 2241.").

Accordingly, **IT IS ORDERED** that:

1. Contreras's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED WITHOUT PREJUDICE**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated July 17, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY